[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT AS TO COUNTERCLAIM (## 118 AND 125) AND MOTION TO AMEND ANSWER (# 126)
The question before the court involves a counterclaim to a contract action, in which the counterclaimants seek to assert personal injury claims beyond the two-year limitation period. This issue is one of first impression, inasmuch as this scenario has not previously been reported.
This action was initiated on January 20, 1999, by Kenyon Oil Company, Inc. (Kenyon Oil) as a collection action against defendant Alphonse Milo (Milo) and his company, Milo's Service Station of Harwinton, Inc., to recover damages for back rent on a service station lease and for other obligations under a gasoline supply agreement. Milo and his company filed a four-count counterclaim against Kenyon Oil on June 23, 1999. The first and second counts of the counterclaim, which are at issue in this motion, allege under theories of negligent concealment and common law negligence that Milo suffered various personal injuries as a result of drinking water that was contaminated by oil leaking at the site.
Kenyon Oil was permitted on June 12, 2000 to implead the Dolinsky Realty Corporation, Standard Cycle and Auto Supply Company, Inc. on an indemnification claim related to the counterclaim. On August 9, 2000, these third-party defendants filed a motion for summary judgment as to the first and second counts of the counterclaim, on the basis that these counts are barred by the applicable two-year statute of limitation. Kenyon Oil has filed its own motion for summary judgment as to counts one and two of the counterclaim on the same grounds as the impleaded parties.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the moving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law. . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . ." (Citations omitted.) Appleton v. Board ofEducation, 254 Conn. 205, 209, ___ A.2d ___ (2000); Practice Book §§17-46 and 17-49.
The counterclaimants do not dispute that they were aware on December 3, 1996, of the existence of the environmental condition on the property and of the alleged physical injuries caused by such condition. December 3, 1996 is the date of a letter[1] from Milo's then-attorney to Kenyon Oil complaining of the environmental condition and Milo's personal CT Page 12459 injuries. The negligence claims were not asserted until the filing of the counterclaim on June 23, 1999.
The statute of limitation generally applicable to negligence actions is found at General Statutes § 52-584, providing that the limitation period for filing claims based on personal injuries or property damage caused by negligent, reckless or wanton misconduct shall be no more than two years from the date the injury is discovered.[2] Similarly, General Statutes § 52-577c sets forth a two-year statute of limitation for personal injuries allegedly caused by exposure to a hazardous chemical substance.
The counterclaimants do not dispute that they were aware of the condition complained of at least by December 3, 1996, and yet they did not bring their counterclaim within two years of their discovery. They now seek to overcome the statutory bar by relying on the following clause contained in General Statutes § 52-584: "[E]xcept that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."
Again, this case was initiated as a contract action. The dispositive issue before the court is whether the language "in any such action" is intended to apply only to those actions controlled by the § 52-584
limitation period, for injuries to persons or property caused by negligent, reckless or wanton misconduct, or whether the permission to file a counterclaim outside of the limitation period applies equally to cases initiated as contract actions. The court must engage in statutory construction to determine the intent of this provision.
"In seeking to discern [legislative] intent, [the court should] look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation. . . ." (Citations omitted; internal quotation marks omitted.) Velez v.Commissioner, 250 Conn. 536, 540, 738 A.2d 604 (1999). The "fundamental objective is to ascertain and give effect to the apparent intent of the legislature." Id.
The purpose of § 52-584 is to impose a limitation period on personal injury and property damage actions caused by negligent, reckless or wanton misconduct. The reference to "such action" is clearly related to the preceding language in the statute, providing that "[n]o action to recover damages for injury to the person, or to real or personal property, caused by negligence or by reckless or wanton misconduct." The court concludes that the legislature intended to restrict the § 52-584
provision for asserting a counterclaim outside of the limitation period CT Page 12460 exclusively to counterclaims asserting personal injury or property damage caused by negligent, reckless or wanton misconduct. The statute does not authorize such a counterclaim in a contract/collection action.
Milo claims that the statute of limitation has not been properly pleaded by way of a special defense. Review of the file reveals, however, that the impleaded parties have not yet answered, and so at this early stage of the proceedings, the court grants Kenyon Oil's motion to amend its answer and assert a statute of limitation special defense.
 CONCLUSION
The motions for summary judgment (## 118 and 125) as to the first and second counts of the counterclaim are granted. The motion by Kenyon Oil to amend its answer to assert a special defense (# 126) is granted.
ROBERT F. McWEENY, J.